## Wytheville.

TYLER, RECEIVER, v. KELLEY'S ADM'R.

July 6th, 1892.

1. RAILROADS—*Trespassers—Fits—Contributory negligence—Case at bar.*— Plaintiff's intestate, subject to epileptic fits, attempted to cross railway at a point beyond a street crossing, where there was a ditch four feet deep, and where crossing was forbidden. In so doing he was seized with a fit and fell on the track, and was killed by a freight train, backing slowly, with bell ringing.
HELD:
    Deceased was guilty of contributory negligence, and also a trespasser; and verdict for his administrator should be set aside.
2. DECLARATION—*Demurrer.*—It was proper to have overruled demurrer to declaration grounded on the statement that the place of the accident was " at, near, or upon the crossing."

Error to judgment of hustings court of city of Roanoke, rendered in an action of trespass on the case, wherein the administrator of one Kelley, deceased, was plaintiff, and Sydney F. Tyler, receiver of the Shenandoah Valley Railroad Company, was defendant, who obtained a writ of error and *supersedeas* to the judgment, which was adverse to him. Opinion states the case.

*Griffin & Watts*, for plaintiff in error.

*Penn & Cocke*, for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action against the receiver of the Shenandoah Valley Railroad Company, to recover damages for the al-

leged negligent killing of the plaintiff's intestate. The deceased, at the time of the accident, was in the employ of the railroad company as a clerk in the auditor's office. The place at which he was employed was on the south side of the tracks of the Norfolk and Western Railroad Company, in the city of Roanoke. The place at which he boarded was on the north side of those tracks, and some distance west of the first-named place.

On the 14th of June, 1890, the deceased left his place of business, about 1 o'clock, on his way to dinner. There are a number of tracks in the yard of the Norfolk and Western Railroad Company, some of which, at least, were used, at the time of the accident, by the defendant company. It seems the deceased passed up these tracks to a point a little west of the Commerce-street crossing, and that as he was crossing the tracks at that point, and just as he had stepped on the last track, on the north side of the main track, he suddenly fell in an epileptic fit, and was in a few seconds run over and killed by a freight train, backing westwardly.

The jury found a verdict for the plaintiff for eight hundred dollars damages, upon which the judgment complained of was entered.

We think the finding of the jury was not warranted by the evidence, and that it ought to have been set aside.

In the first place, the deceased was guilty of negligence, in the condition of his health at the time, in going upon the tracks elsewhere than at an established crossing at all. The plaintiff's own evidence shows that " he was subject to fits," which the uncontradicted evidence for the defendant shows were epileptic fits, an incurable disease, which is liable to manifest itself at any time in a sudden and complete loss of consciousness on the part of the subject.

In the next place, the evidence shows with reasonable certainty that the deceased fell, not in the highway—*i. e.*, Com-

merce street—but at a point a number of feet west of that street, and upon the right of way of the railroad company.

Nor does the evidence warrant the conclusion that he was not a trespasser, but a licensee, in attempting to cross the tracks at the point at which he fell. At the Commerce-street crossing there are gates and a watchman, and for a number of feet west of the crossing the tracks are filled with cinders, so that pedestrians often crossed the track west of the crossing. But the point at which the deceased fell was at or near a culvert, and immediately opposite that point, on the north side of the track, is a ditch, running parallel with the railroad from the crossing to the culvert, and from three to four feet deep, over which those who crossed the railroad at that point had to jump to get from the railroad to the street running parallel with it.

The evidence for the plaintiff, moreover, shows that, so far from the railroad company permitting or inviting the public to cross at that point, such crossing was prohibited. Moss, a witness for the plaintiff, and a room-mate of the deceased, testifies in these words : " I knew if any one cross *there* they were trespassing on the railroad. It was *against the rules.*" And the same witness, in answer to a question, whether persons, in going to the " dummy line " did not often cross there, said : " Yes, fool-hardy boys and young men."

Another witness who testified for the defendant, but whose evidence is uncontradicted, says the company positively refused to allow crossing at that point. He at one time put a log across the ditch, to facilitate crossing there, he says; but that the company removed it, and refused him permission to put another in its place. And the most that can be fairly said upon the subject of license is, that the company was probably aware that the tracks were often crossed by pedestrians at that point, and took no active steps to prevent it.

The conclusion, therefore, is irresistible that the deceased

was a trespasser; and, upon the question of the defendant's alleged negligence, the case is equally clear.

The train, when the accident happened, was backing slowly; the bell was ringing, and the train was in charge of experienced and capable employees. The front car was a flat car, and next to that was a box car, upon top of which a brakeman was standing. His attention was not called to the deceased until after he had fallen. As soon as he saw him lying on the track he gave the signal to the brakeman who was standing on the car next to the engine, who at once signalled the engineer to stop. The signal was promptly obeyed by the engineer, who reversed the engine, and the brakemen applied the brakes; but before the train stopped the deceased was mortally injured.

In *N. & W. R. R. Co.* v. *Harman,* 83 Va. 553, the rule was recognized that a railroad company is bound to keep a reasonable lookout for trespassers on its track, and to exercise such care as the circumstances require to avoid injuring them. We think the evidence in the present case shows the agents of the defendant obeyed this rule, and that upon the evidence in the record (which it is unnecessary to review more fully) there can be no recovery.

Only one other point need be mentioned. The declaration states that the deceased was struck " *at, near,* or *upon* the crossing " at Commerce street, and the defendant demurred to the declaration, on the ground that it was violative of the rule against pleading in the alternative. But the demurrer was overruled, and in this there was no error.

For the reasons, however, already stated, the judgment must be reversed, and the case remanded for a new trial.

JUDGMENT REVERSED.